PER CURIAM.
We affirm because we believe there is competent substantial evidence in the record to support the trial court’s ruling in this forfeiture action that the appellee, Mary McCaffrey, neither knew nor should have known that her husband Andrew used their motor vehicle to consummate an illegal drug transaction. In our view there is evidence to support the trial court’s holding, especially in view of the fact that the trial court directly observed Mr. and Mrs. McCaffrey at trial and evaluated the reasonableness and credibility of their testimony-
The record reflects that Mrs. McCaffrey, age 67 at the time of the forfeiture hearing, has been married to Mr. McCaffrey since 1964. Together they own and operate a family business, McCaffrey’s Machine Shop. Mr. McCaffrey began using cocaine in April 1985 and became addicted. Mrs. McCaffrey was unaware of his use or addiction. However, in September 1985, Mr. McCaffrey approached her, told her of his problem and asked for her help in beating the addiction. She contacted their family physician. That doctor in turn suggested he go for treatment to the Hazelton Clinic in Minneapolis, Minnesota. Mr. McCaffrey agreed and was an inpatient in the clinic for 28 days. Upon his return he participated in a Narcotics Anonymous (N.A.) program in Fort Lauderdale. Both the McCaf-freys testified that he attended N.A. meetings one or more times daily. Mr. McCaffrey estimated that in the period preceding his February 1986 arrest he had attended 150 N.A. sessions. Mrs. McCaffrey attended 4 or 5 meetings with him. Mr. McCaf-frey told Mrs. McCaffrey that he had licked the problem. In his own words, he said he bragged to her about that fact. Mr. McCaffrey testified, however, that unknown to his wife, he would break down and use cocaine once every week or 10 days. Only on those occasions would he return home late at night and sometimes give his wife a story about staying late with other N.A. members talking over coffee and donuts. Mrs. McCaffrey did not learn of his continuing drug activities until his arrest, when he told her. Based on this *275 testimony we believe the trial judge, as the trier of fact, could have reasonably concluded that Mrs. McCaffrey sincerely believed that her husband had stopped using drugs, and had no reason to believe that he was continuing to use drugs, or using the truck to facilitate that use.
As appellate judges we are not entitled to substitute our conclusions for those of the trial court. A contrary ruling would appear to stand for the proposition that once a person knows of another’s use of narcotics, that person is deemed, as a matter of law, to know that the narcotics user will thereafter use any vehicle entrusted to him to facilitate the use of drugs, no matter what efforts have been made to rehabilitate the user, and no matter how successful those efforts appear to have been.
ANSTEAD and STONE, JJ., concur.
DOWNEY, J., dissents with opinion.